Cardin vs. Standly.

No. 23.—CHARLES T. F. CARDIN, plaintiff in error, vs. JOHN STANDLY, defendant.

[1.] In a proceeding under the Act of 1854, to protect land owners against intruders, and to give land owners a remedy in certain cases, the occupant's affidavit was, that he held under D, and that D claimed a legal right to the possession. D also made an affidavit: *Held,* that neither affiadvit was such as the Statute required.

[2.] *Held,* too, that the affidavits in a proceeding of this sort, are not what constitutes the pleadings; and that, therefore, they are not amendable under the Amendment Act of 1854.

Affidavits, &c. in Randolph Superior Court. Decided by Judge KIDDOO, May Term, 1856.

This was a proceeding under the Act entitled, "An Act to protect the owners of lands or tenements against intruders, &c." approved February 14th, 1854, and arose upon the following affidavit and counter affidavits, to-wit

"STATE OF GEORGIA—COUNTY OF RANDOLPH:

Personally appeared before me, Thomas Coleman, a Justice of the Peace for said county, John Standly, who, being duly sworn, saith that he does *bona fide* claim the right of possession to lots of land, Nos. (5 and 6) five and six, in the seventh district and the west half of No. three hundred and eight, in the sixth district of said county; and that said lots of land are in possession of Charles T. F. Cardin, who does not, in good faith, claim a right to such possession, and yet; refuses to abandon the same. Sworn to and subscribed before me this March 21st, 1856.

JOHN STANDLY.

THOMAS COLEMAN, J. P."

STATE OF GEORGIA—RANDOLPH COUNTY:

Personally appeared before me, Richard Davis, Sheriff of

said county, Charles T. F. Cardin, who, being duly sworn,. saith that he is tenant in possession of lots Nos. 5 and 6, in the original seventh of said county, and the west half of three hundred and eight of the sixth district of said county; and. that he holds possession under Lemon Dunn, who claims a legal right to the possession of the above mentioned lots of land.   Sworn to and subscribed before me, this April 16th,. 1856.                         CHARLES T. F. CARDIN.
RICHARD DAVIS, Sheriff.

These affidavits being returned by the Sheriff according to the terms of the Act, and the case being called up at the regular term of the Court, Counsel for Standly moved to dismiss this counter affidavit on the ground of its insufficiency, not being in the terms of said Act.   Pending the discussion on this motion, Counsel for Cardin, the defendant, called the attention of the Court to the affidavit of Lemon Dunn, which had also been filed, and which the Court allowed to be read in connection with the former one, which is as follows.:

STATE OF GEORGIA—RANDOLPH COUNTY:

Personally appeared before me William Mattock, a Justice of the Inferior Court of said county, Lemon Dunn, who,. being duly sworn, deposeth and saith that he is in possession: by his tenant, Charles T. F. Cardin, of lots of land Nos. five and six, in the seventh district of said county, and the west half of lot No. three hundred and eight, in the sixth district of said county; and that he has a *bona fide* title to said lots. of land.   Sworn to and subscribed before me this March 25th, 185 (6) (?)                     LEMON DUNN.
WILLIAM MATTOCK, J. I. C.

The Court decided that both affidavits, taken together, were defective and insufficient.   Counsel for defendant then asked leave to amend the affidavit of Charles T. F. Cardin, by adding thereto the words, "That he does, in good faith, claim.

Cardin *vs.* Standly.

:a legal right to the possession of said land, as the tenant of Lemon Dunn."

And also, to amend Lemon Dunn's affidavit by inserting ·therein the words, "That he does, in good faith, claim a legal right to the possession of said land, by and through his ten-·ant, Charles T. F. Cardin." The parties named being in ·Court and ready to swear as proposed. The Court refused this request and passed an order dismissing said *counter* affi-·davit upon the ground aforesaid, and requiring the Sheriff to .put the plaintiff in possession of the premises in dispute.

To which decisions and rulings, the plaintiff in error excép-rted.

.PERKINS & NISBET, for plaintiff in error.

.DOUGLASS & DOUGLASS, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

'The Act of 1854, " To protect the owners of lands or tene-ments against intruders, and to provide a remedy for land owners in certain cases," makes it the duty of the Sheriff, in such a case as the present, to turn the person in possession " out of the possession, unless the person so in possession :shall, at once, tender to the Sheriff a counter affidavit stating :that he does, in good faith, claim a legal right to the posses-sion of such land or tenement." (*Acts* 1854–'53.)

[1.] Cardin was the person in possession, and the Statute ·extends to no other than the person in possession. It is not contended by the Counsel for the plaintiff in error, that Car-·din's affidavit, or that Dunn's, Cardin's landlord, was such an .affidavit as is thus required. And certainly neither affidavit ˮwas.

Was Cardin's affidavit amendable under the Amendment .Act· of 1854? We think not. That Act does not extend ·beyond the subject of amending *pleadings.* (*Acts* 1854–'48.)

[2.] The affidavits in cases like the present, are not what constitutes the pleadings. They constitute a foundation on which pleadings may be raised. It is made the duty of the Sheriff to deposit in the Clerk's office. When he has done, this, "an issue may be made up and tried by a Jury." To make up an issue, there must be allegations by the opposite parties. It is these allegations that, if made, will constitute the pleadings between the parties in a proceeding under this Statute.

We think, therefore, that the several decisions of the Court below were right.