GEORGE W. COLLINS, plaintiff in error, *vs.* JOHN RUTHERFORD and STEPHEN COLLINS, defendants in error.

1. A Justice of the Inferior Court, on the 26th day of October, 1867, had authority, under the law, to administer an oath for the removal of intruders upon land.

2. The counter-affidavit of the party in possession must state that he does, in good faith, claim a *legal* right to the possession of the land.

3. When the affidavit of the party in possession is dismissed for not being in compliance with the law, he will not be permitted to file a second affidavit at the court, the Code requiring that he shall *at once* tender to the sheriff the proper affidavit.

Warrant against intruder.  Decided by Judge VASON. Calhoun Superior Court, March Term, 1868.

On the 26th of October, 1867, Rutherford and Collins sued out a warrant against Geo. W. Collins, as an intruder. Their affidavit was made before a Justice of the Inferior Court of said county. When the sheriff went to eject Collins, he tendered a counter-affidavit, made before another Justice of said Inferior Court, in which he swore, " he does, in good faith, claim the right of possession of lot No. 137, (the lot in question,) and that the whole of said lot is in his hands and possession, by agent or otherwise, and that John

Rutherford and Stephen Collins do not, in good faith, claim a right to the possession thereof," etc.

The sheriff returned the papers to court. When the cause was called for trial, defendant's counsel moved to dismiss the case because the plaintiff's affidavit was made before a Justice of the Inferior Court. The court refused to dismiss the case. Plaintiffs then objected to the affidavit of Collins, because he had not sworn that he did, in good faith, claim a legal right to the possession of said land. The court sustained the objection. Thereupon, a motion was made to file a new affidavit, so as to make it conform to the statute. The Court would not allow this, and ordered the sheriff to proceed. Collins assigns as error the overruling his objection to plaintiff's affidavit, sustaining the objection to his own affidavit, and the refusal to allow the new affidavit filed.

LYON & DEGRAFFENREID, for plaintiff in error.

BOWER, RUTHERFORD, for defendants in error.

WARNER, C. J.

1. The first ground of error assigned to the ruling of the Court below is, that a Justice of the Inferior Court had the authority, under the law, to administer the oath required to eject an intruder upon land in this State. By the Act of 1854, a Justice of the Inferior Court is expressly authorized to administer an oath in all cases where, by law, an oath is required to be taken. See Acts 1853–4, page 29. In our judgment, this power and authority to administer oaths by a Justice of the Inferior Court had not been taken from them by any subsequent legislative enactment at the time the affidavit in the record was made. The objection to the affidavit was therefore properly overruled.

2. The second ground of error is, that the Court dismissed the counter-affidavit, on the ground that the party making it did not state therein that he did, in good faith, claim a *legal* right to the possession of the land. In *Poulain vs. Sellers*, 20 *Ga. R.*, 228, this Court held, that it was error for the

Court to charge the jury " that the question was whether the defendant, *bona fide*, claimed the right of possession ;" this Court holding and deciding, in that case, that " the defendant is required, under the statute, to swear and shew that he, *bona fide*, claims the *legal* right to the possession.   The word *legal* is omitted in the Court's charge; and yet, it was evidently designed to be *significant* in this Act."   The counteraffidavit not stating that the party making it did, *bona fide*, claim a *legal* right to the possession of the land, was properly dismissed by the Court.

3. The third ground of error assigned is, that the Court refused the motion to file a new affidavit, then at the Court, in accordance with the requirements of the statute.   This Act was intended to provide a *summary* process for the ejection of intruders who squat upon other people's land, without any *legal* right to do so, and it is made the duty of the sheriff, under the act authorizing this proceeding, to turn the intruder out of possession, unless he shall, *at once*, tender to the sheriff a counter-affidavit, stating that he does, in good faith, claim a *legal* right to the possession of the land. If the intruder can be allowed to make a defective affidavit, and thereby retain possession of the land, and, when it is objected to, make another and still retain possession, the very object and intent of the Act would be defeated.   The Act prescribes the terms by which he can retain possession, and the sheriff is authorized to administer the oath required by it, for his benefit and protection, if, indeed, he does, in good faith, claim a *legal* right to the possession.   In our judgment, there was no error in the refusal of the Court below to allow a new affidavit to be made.

Let the judgment of the Court below be affirmed.