SUSAN PAIGE, plaintiff in error, *vs.* C. M. DODSON, defendant in error.

1. When in a proceeding against one as an intruder, the defendant's affidavit taken before the sheriff, was that she "claims the *bona fide* legal right to the possession" of the premises:

*Held*, That this was a compliance with the section 4000 of the Revised Code. The fact that the word "the" is placed before the words "*bona fide*" being an evident clerical mistake, the real meaning being that she "claims, *bona fide*, the legal right to the possession."

2. The counter-affidavit to proceedings to eject an intruder cannot be amended, nor can a second be made. (R.)

Proceedings against intruder. Counter-affidavit. Before Judge WRIGHT. Campbell Superior Court. October Adjourned Term, 1871.

C. M. Dodson sued out a warrant against Susan Paige, as an intruder, for the possession of a certain lot of land in the county of Campbell. The defendant filed a counter-affidavit to the effect "that she claims the *bona fide* legal right of possession" to said lot, "and that she is not holding possession under C. M. Dodson, nor any person that he is." When said cause was called for trial, plaintiff moved to dismiss said

counter-affidavit, because it failed to comply with the statute.

The motion was sustained by the Court and defendant excepted, and now assigns said ruling as error.

TIDWELL, FEARS & ARNOLD, for plaintiff in error.

No appearance for defendant.

MCCAY, Judge.

The Code, section 4000, requires the counter-affidavit to an intruder's warrant to state, "that he does in good faith claim a legal right to the possession." The words of this affidavit are, "that she claims the *bona fide* legal right to the possession." The Court dismissed the affidavit, because it did not conform to the statute. We think this was too rigid an adherance to the letter of the law. Very clearly this was a mere clerical error; a mere misplacement of the word "the." Had the affidavit said "she claims, *bona fide,* the legal right," "or she claims, the legal right, *bona fide,*" it would have complied literally with the law. This is a very hard law on defendants. The sheriff appears at one's door with an intruder's warrant. His duty is to turn the defendant out "at the earliest practicable day," unless the counter-affidavit is filed. It is perhaps a long way to a lawyer; the sheriff is a competent officer to administer the oath; one is written, sworn to and accepted, and the papers returned. The affidavit is bunglingly drawn—a word is misplaced—"the" is put after "*bona fide*" instead of before. The affidavit cannot be amended: 20 *Georgia,* 105; a second one cannot be put in: 36 *Georgia,* 477; and the defendant loses his possession for a misplacement of one word in his affidavit. We doubt if this Act ought to be construed strictly as to the defendant. It is a harsh, speedy process that should be strictly complied with by the plaintiff; but in my judgment, whilst the affidavit of the defendant should in substance comply with the Act, a literal compliance is not necessary. The case before us is evidently a mere error in the use of words, the intent

was to comply, and we think the substance of the statute has been conformed to. Very evidently the meaning is "*bona fide* claim;" *bona fide* possession is nonsense. The affidavit ought to be read, "does *bona fide* claim the legal right." Let the plaintiff tender an issue on it, as thus read.

Judgment reversed.