JAMES A. STORY *et al.,* plaintiffs in error, *vs.* FLOURNOY, McGEHEE & COMPANY, defendants in error.

1. The taking of personal security on a note for money and supplies furnished by a factor with which to make a crop, secured by the statutory lien, did not operate as a waiver of such lien.
2. A second counter-affidavit to an execution based on the foreclosure of a factor's lien cannot be filed without an allegation that the facts therein set forth were unknown to the defendant at the time the first was filed.

Story *et al. vs.* Flournoy, McGehee & Company.

3. Such counter-affidavit, which was the foundation of a legal proceeding, cannot be amended after it has been returned into court, either by the filing of a new affidavit or otherwise, so as to change the issue thereby presented.

JACKSON, Judge, dissenting.

1. "Pleadings are the altercations between the plaintiff and the defendant," and in cases of the summary foreclosure of a crop lien, the affidavits are the only altercations between the plaintiff and the defendant, and therefore the only pleadings. Hence the affidavit of the defendant is his plea, and he may amend it, as a matter of right, at any stage of the cause.

2. If the defendant, when regularly sued and served, with six months for preparation for trial allowed him, may, then, at any stage of the trial, amend his pleas, *a fortiori* in a summary proceeding begun by the seizure of his property and for trial at the first term, he should be allowed the right to amend.

3. Nor does it alter his right to amend, that, in a case like this, his plea is an affidavit; all pleas to bring parties to an issue of fact must be sworn to; if this defendant had been sued by the regular process of the court and had put in the same plea which his counter-affidavit makes here, it must have been sworn to by him, yet he could have amended that, so also may he amend this.

4. Section 3504 of our Code provides that "an affidavit which is *the foundation* of a legal proceeding cannot be amended except expressly pro vided by law," therefore by a weighty negative pregnant, by a very strong implication, it affirms that an affidavit which is *not* the foundation of a legal proceeding may be amended *without* an express provision of law— that is, under the general liberal law of the amendment of pleadings, if it be in the nature of a plea; the affidavit of the defendant here is not the foundation of a legal proceeding, but it is the defense to the plaintiff's affi- davit of foreclosure, which latter affidavit is the foundation of the suit; hence, while the affidavit of the plaintiff could not be amended, because it is such foundation and no express law authorizes it to be amended, the counter-affidavit of the defendant may be amended under the general law, because it is not the foundation of a legal proceeding, and needs no such express provision to authorize an amendment to it.

5. The distinction is broad between an affidavit of illegality to an execution after the defendant has been heard on his defense to the original cause of action, and this affidavit which enables him to be heard for the first time in court; and the statute, which puts the defendant in illegality on terms be- fore he can amend his affidavit, has no application, either in letter or spirit, to the defense to this summary proceeding.

6. A plea to the effect that the lien on the crop of 1874 was not for money, nor supplies, nor necessaries, to make that crop, but was a lien given to pay an old debt due the preceding year, is a good plea in bar of the proceeding to foreclose it, and should have been allowed when offered as an amend- ment before the concluding counsel for the plaintiff had opened his argu- ment

Factor's lien.   Waiver.   Illegality.   Amendment.   Before
Judge JAMES JOHNSON.   Marion Superior Court.   April
Term, 1875.

Reported in the opinions.

B. B. HINTON & SON; E. H. WORRILL, for plaintiffs in
error.

E. B. HATCHER; BLANDFORD & GARRARD, for defendants.

WARNER, Chief Justice.

This was a proceeding instituted by the plaintiffs as factors
and commission merchants, against the defendants for the
foreclosure of a crop lien for money advanced by the plain-
tiffs to make it, under the provisions of the 1978th section of
the Code.   The defendant, J. A. Story, filed a counter-affi-
davit alleging that the amount claimed by plaintiffs was not
due, and that the plaintiffs having accepted security for the
money advanced, it was an abandonment of their lien.   The pa-
pers were returned to the superior court, and on the trial of the
issue thus formed between the parties, the jury found a ver-
dict for the plaintiffs.   The defendants made a motion for a
new trial on the several grounds set forth in the record, which
was overruled by the court, and defendants excepted.

1.  There was no error in the charge of the court that the
taking personal security on the note, did not operate as a waiver
of the lien.

2.  It appears from the record, that after the argument
of the case had been concluded, the defendant, J. A. Story,
offered to amend the issue which had been made by his former
counter-affidavit, by offering another affidavit (having given
plaintiffs' counsel notice before the conclusion of the argument
that he would do so,) to the effect, that the consideration of
the note, the foundation of the plaintiffs' action, was not for
money or supplies furnished to enable him to make a crop,
but was for a note which one Toliver held against him, which

was due in 1873. The court refused to allow the issue to be amended by the additional affidavit thus offered, and this · is one of the errors assigned in the motion for the new trial. By the 1991st section of the Code, it is declared that if the defendant in such lien execution contests the amount, or justice of the claim, or the existence of such lien, he may file his affidavit of the fact, setting forth the ground of such denial, which affidavit shall form an issue to be returned to the court and tried as other causes. The defendant does not allege in his second affidavit which he offered to file, that the facts stated therein were not known to him when he filed his first counter-affidavit and made up the issue between him and the plaintiffs. Although this is not an affidavit of illegality, yet, the same rule in principle applicable to a second affidavit of illegality, would seem to be applicable to the defendant's second affidavit in this case. But it is said the defendant has never had his day in court, never had an opportunity to plead to the plaintiffs' ·claim until the execution was levied on his property. The reply is, that the statute points out the mode and manner in which he shall plead and make his defense by filing his counter-affidavit, and that shall form an issue between him and the plaintiff to be tried as other causes. What *issue* is to be tried as other causes? Most obviously, · *the issue* made by the defendant's counter-affidavit returned into court, and not an issue which he may *thereafter* make by filing another affidavit. Besides, to allow a defendant in this class of cases, to file a second affidavit and form a *new issue*, without alleging that the facts set forth in the second affidavit were not known to him when he made his first counter-affidavit, would be to defeat the object of the statute, which was intended to give to plaintiffs a *summary* remedy to collect this class of debts. If the defendant shall be allowed at the trial of the issue formed on his first counter-affidavit, to surprise the plaintiffs by making a *new issue* by filing a second affidavit containing facts well known to him when he filed his first affidavit, and thereby force the plaintiffs to a continuance of

the case to meet that *new issue*, one of the main objects of the statute, will be defeated.

3. Besides, the practical effect of the motion made by the defendant was to amend his first counter-affidavit, which was the foundation of his defense, and the proceeding which was returned into court *for trial.* The 3504th section of the Code declares that an affidavit which is the foundation of a legal proceeding cannot be amended, except expressly provided by law. The first counter-affidavit made by the defendant was the foundation of the legal proceeding which was returned into court *for trial,* and there is no law of which we are advised that provides for the amendment of that affidavit after it has been returned into court, either by the filing of a new affidavit or otherwise, so as to alter or change *the issue* made by it. There was no error in the refusal of the court to allow the amendment offered.

Let the judgment of the court below be affirmed.

BLECKLEY, Judge, concurred, but furnished no written opinion.

JACKSON, Judge, dissenting.

I regret that my judgment constrains me to dissent from the decision of the court in this case. I need not say that I do so with entire respect for the majority of the court. Indeed, the only distrust I have in regard to the correctness of my own opinion is my confidence in the accuracy of their judgments. Nevertheless, I should feel altogether unworthy of a seat by them here if I shrank from standing alone and giving expression to my solitary convictions, and sustaining them with such reasons as have led me to entertain them.

Flournoy, McGhee & Company undertook to foreclose a lien against J. A. and B. A. Story, the latter being security, by the summary proceeding authorized by section 1991 of the Code. Defendants defended the case under sub-section 4 of section 1991. On the 13th of March, 1873, J. A. Story filed an affidavit to the effect that he had paid $146 00 on the lien,

and that it was given, not for supplies, but for money. Afterwards he put in another plea, that B. A. Story was security, and that fact discharged the crop lien, and that it was paid off. On the trial of the case, and before the conclusion of plaintiffs' argument, counsel for defendant moved to amend the pleadings by adding thereto the following affidavit:

"GEORGIA—MARION COUNTY:

"Before me, Thomas B. Lumpkin, clerk of superior court for said county, comes J. A. Story, one of the defendants in the case of Flournoy McGehee & Company *vs.* J. A. Story and B. A. Story, who, being duly sworn, deposeth and saith, that the consideration of the note, foundation of plaintiffs' action, was not for money or supplies to enable defendant to make a crop, but was for money advanced to one Taliaferro, in payment of a note, which said note was due in 1873."

The lien was on the crop of 1874. The court would not allow the amendment. I think this amendment should have been allowed. Is the affidavit in such a case pleading? "Pleadings are the mutual altercations between the plaintiff and defendant:" Blackstone, 3d book, page (top) 225. If there be any pleadings at all in cases like this, the affidavit of the plaintiff, which begins the controversy or altercation on his part, and the counter-affidavit of the defendant, which sets up matters of defense on his part, must be the pleadings. They are certainly the altercations between the plaintiffs, Flournoy McGehee & Company and the defendants, the Storys. To all intents and purposes, these affidavits and counter-affidavits are the pleadings; if not, the strange thing is presented in a court of a case being tried where there are no altercations between the parties—no assertion of right on the one side and denial of it on the other.

The object of all pleadings is to bring the parties to an issue. "Issue or *exitus* being the end of all pleadings, is the fourth part or stage of an action, and is either upon matter of law or matter of fact." "An issue of fact is where the fact

only, and not the law, is disputed :" 3d Blackstone, (top page,) 250, 251.    The *exitus* or end of these affidavits was the issue being tried before the superior court of the county of Marion, and these altercations, which brought the parties to this issue, were the pleadings.    Hence the Code, cited above, sub-section 4 of section 1991, declares "which affidavit shall form an issue to be returned to the court and tried as other causes ;" as much as to say, construing language in its legal sense, which *altercations* or *pleadings* shall form an issue, to be tried as other cases.    It is impossible that an issue can be formed by one original affidavit.    It takes altercations to form an issue.    There must be an affirmation and a denial.    Hence, the sub-section means that this counter-affidavit, which *denies* the fact set up in plaintiffs' affidavit of foreclosure, shall form the issue with that.

If, then, these are the pleadings, the question is, can these pleadings be amended, and was the motion to amend in time ? Both the Code and the decisions of this court settle that question beyond controversy.    The Code declares that *all parties*, whether at law or in equity, may, *at any stage of the cause, as matter of right*, amend their pleadings *in all respects*, with the single proviso that there is enough to amend by : Code, section 3479.

It cannot be disputed that there are parties ; that they are at law ; that at a certain stage of the cause they moved to amend, and that the amendment was in a vital respect, and there was enough to amend by ; who shall prohibit them, then, from amending ?    It is a *matter of right* conferred upon them by law.    Every judgment of a court, to be legal and binding, is a sentence or judgment of the law ; and if there be no law for it, it should certainly be reversed : 3d Blackstone, (top page,) 305.    Where is the law that authorized the court below to deny this matter of right to these defendants ?    What right had he to demand of them, before trial, are your pleadings all ready, and because, afterwards, the defendants ascertained that theirs were not all in, and moved to put them in at a stage of the cause, to deny them a right which the law

gave to them? I think he erred, and thinking so, I am sworn to do what I can to correct that error.

But it may be said that this was an affidavit, and therefore it could not be amended. The court below put it upon no such ground, but upon the ground that he had asked 'them at the beginning of the trial if their pleadings were all in. But if it had been put upon this ground it could not avail. The Code declares that an affidavit of illegality is not amendable except the party shall swear that the fact came to his knowledge after his first affidavit was taken: Code, 3501. But this is no affidavit of illegality. The difference between them seems to me as wide as the poles. This is a summary mode of bringing a case into court on the part of the plaintiff before the defendant has ever been heard about it at all; and his only way to get his first day in court is by this counter-affidavit. The defendant, in an affidavit of illegality, has been heard on the original debt; these defendants never have been heard at all on the debt against them. A final judgment, after notice and service, has been rendered against the former; the latter, without notice or service or hearing at all, have their property seized by an *ex parte* summary proceeding. This law providing for this defense was passed after the act limiting the amendments to affidavits of illegality, and had it been the purpose of the legislature to have limited the right to amend this plea, by which the defendants are heard for the first time in court, they could and would, in my judgment, have said so. This proceeding was authorized by the act of 1873, long after the limitation to the right to amend affidavits of illegality had been enacted. But to set the case, it seems to me, beyond all doubt, the Code declares that "an affidavit which is the *foundation* of a legal proceeding cannot be amended except expressly provided for by law:" Code, section 3504. What is the foundation of this legal proceeding? Unquestionably, the affidavit which foreclosed the lien and seized the property of defendants. If it had been proposed to amend *that* it could not have been done unless positive law had provided for it; but here the motion

was to amend the defense, the resistance to this foundation for this legal proceeding; and by the strongest possible negative pregnant the Code affirms that any affidavit other than that which is the foundation of a legal proceeding may be amended without an express provision of law, that is, under the general law of amendments of pleading. It cannot be that the affidavit of defendants is the *foundation* of this legal proceeding. It does not begin it, but *ends* it; because issue is the *end* of pleading, and it takes two sides to make an issue, just as it does two to make a bargain, and this forms the issue with what? There is nothing with which it can form it but the affidavit of plaintiff to foreclose. Therefore the affidavit of foreclosure is *the foundation*. Besides, the policy of the law is with the construction I put upon it. That policy is to construe narrowly all summary remedies. Such is the universal rule of construction, because the remedy is against common right and is a harsh process. The plaintiff must, therefore, comply with the letter of the law, because by an *ex parte* proceeding he is about to seize the goods and chattels of defendants before they have ever been heard. But I have yet to learn that the defendant's right to resist this harsh process against him is also to be measured with the same rigid strictness. It would be strange, indeed, if he could amend *ad libitum* in an ordinary suit, when he is regularly served and there is no seizure of his goods, and no harshness of proceeding in derogation of common right; but when the suit is commenced against him in an extraordinary way, and the first notice he has of it is the mortification of himself and his household by the seizure of his property, he should be allowed no amendment at all, but be forced to try his whole case on his first hurried affidavit, made when few men would possess great composure of mind. Besides, the sub-section 4, in section 1991 of our Code, declares that the issue "shall be tried as other causes." In other causes pleadings may be amended in form or substance at any stage of the trial; why not here, in this case, in the absence of all law to the contrary? I confess my utter inability to discover any

Story *et al. vs.* Flournoy, McGehee & Company.

law or reason why it cannot be done. The reason cannot be because it is an affidavit. All pleas presenting issuable facts must be sworn to, otherwise the party cannot be heard. If they may amend such plea sworn to, why not this? The sole response my mind gives me is the echo, *why not this?* But it may be suggested that this amended plea is not good in law, and if allowed would have done defendants no good. On the contrary, it struck at the vitals of the case. If true, it killed plaintiff's case. He was seeking to foreclose a lien. That lien and the foreclosure could only operate for supplies or money to be expended on the farm for the year 1874. This plea asserted that the money was to go, and did go, to the payment of a note due in 1873 to a man named Taliaferro, which note plaintiffs had taken up. If this were true, the lien was void, and the suit, as brought, perished with it. The plea would have killed both, but the court, in disregard of the law, as it looks to me, warded off the blow, and saved the illegal life of this lien and of the process to enforce it. But it may be said that the defendants could not, by parol evidence, vary or contradict the written lien; and as the lien asserted that the money was necessary to enable the principal defendant to make the crop of 1874, he could not, by parol, alter these words. To this I reply, first, that one exception to the rule is that you may go into the consideration of a paper by parol, and as the writing sought to be contradicted purported to be the consideration of the lien, it could be attacked by parol; secondly, that the words in the writing are not that the money was to go, and did go, into the crop of 1874, or was to be used, and was used, for that purpose, but that it was necessary to enable him to make the crop, evidently evasive; thirdly, that the evidence was already in and not objected to. The court had permitted the defendants to introduce it under the first affidavit, that it was for money and not supplies. It was sworn to without objection by both defendants. Besides, if the parol evidence had been objected to the defendants might have introduced written proof. They certainly had, or could have got, or failing to

get it, could have gone into the contents of the Taliaferro note, which was part of the real consideration. The rule, I believe, is that a demurrer to a plea admits that the facts set out therein can be legally proven, unless the contrary appears on the face of it: 16 *Georgia*, 154, 162; 13 *Ibid.*, 75. The truth of the case made in the record seems to be that the defendants discovered, during the argument, that their proof would not avail them under the pleas which alleged that the consideration was money, but did not allege that it was money *not* to be applied to the crop of 1874; and therefore they wished to amend, and the court, in refusing the amendment, ruined their defense.

Again, as to the surety. There is a judgment on a crop lien against him. The law contemplates nothing of the sort. It is positively proven, and there is no evidence to the contrary, that he was merely surety, had no interest in the crop, and never handled a dime of the money. It is true that he did not make an affidavit himself by way of plea, but the fact was shown that he was security, and an illegal judgment was rendered against him. A court sits to administer justice and to see the law executed, and I do not think it should shut its eyes to. the patent fact that an illegal thing is about to be done, because pleas are not precisely formal—when the plea is sworn to by one of the defendants, and the surety is there by counsel also resisting the judgment. For these reasons I think the whole proceeding in the court below illegal, and the verdict and judgment contrary to law and evidence, and on that ground, in the motion for a new trial, that they should both have been set aside, and the new trial granted.

P. S. Since delivering the above opinion, a friend has called my attention to *Heard vs. Sibley*, in 52 *Georgia*, 310, where this court unanimously take the view I have here taken of the right to amend. It had escaped my attention and that of my associates, I presume.