Pratt *vs.* Fountain.

---

## PRATT *vs.* FOUNTAIN.

Where, to a statutory proceeding to dispossess an intruder, the defendant filed a counter-affidavit, following the statute literally, except that he alleged that "he does in good faith claim a legal title to the possession," this was equivalent to a statement that he claimed the right of possession, and was sufficient; and the counter-affidavit was not demurrable.

December 19, 1884.

Intruders. Landlord and Tenant. Possession. Pleadings. Title. Words and Phrases. Before Judge ADAMS. Chatham Superior Court. December Term, 1883.

Reported in the decision.

JOHN M. GUERARD, for plaintiff in error.

FRASER & WILSON; GARRARD & MELDRIM, for defendant.

JACKSON, Chief Justice.

The defendant in error instituted the statutory proceeding to turn out of possession of certain premises the plaintiff in error by the affidavit prescribed by the statute. The plaintiff in error defended by a counter-affidavit, which followed the statute literally, except that he used the phrase "that he does in good faith claim a legal title to the possession of the land mentioned and described in the affidavit" of the plaintiff, instead of using the words "a legal right," prescribed by the statute; whereupon the court dismissed the counter-affidavit, and error is assigned here on that judgment.

So that the sole question is, are the words " a legal title" equivalent to " a legal right"? Lord Coke says : "*Titulus est justa causa possidendi id quod nostrum est,*" or, to translate it, the just cause or ground of possessing that which is ours.   Jacob, in the Law Dictionary, says: " The word title includes the right, but is the more general word." Abbott, in his Law Dictionary, defines title to be " such a. claim to the exclusive control and enjoyment of a thing as the law will recognize and enforce," and adds that " the word title, as applied to lands or goods, signifies either a party's right to the enjoyment thereof, or the means whereby such right has accrued, or by which it is evidenced." Webster defines it, as applied to law, to be " that which constitutes a just cause of exclusive possession; that which is the foundation of ownership of property, real or personal; right; as a good title or an imperfect title; the instrument which is evidence of a right; that by which a beneficiary holds a benefice by the canon law."   Worcester defines it as, " that which gives a right or claim to ownership ; that by which the owner of lands or of personal property has the just possession of his property ; the instrument or document by which a right to something is proved."

The Georgia Code defines it thus: " Title is the means whereby a person's right to property is established;" and defines a perfect title, in the succeeding section, in these words: " One person may have the right of possession, and another the right of property.   In the union of the two consists a perfect title."

The conclusion appears to us irresistible that an affidavit that one claims the legal title to the possession of land is equivalent to an oath that he has the legal right to it. Such a one cannot be an intruder, if he proves on the hearing what he affirms in his pleading.

In 46 *Ga.*, 223, this court sustained such an affidavit when the affiant declared that he claimed " *bona fide* " a legal right to the possession, though the statute uses the

words "in good faith;" so that it is not necessary to follow the statute literally. See also 46 *Ga.*, 479, where this court uses the words right and title, in a proceeding of this sort, as equivalent expressions.

We are clear that the dismissal of the counter-affidavit was wrong; and the case must be re-instated and the right or title to the possession be tried.

Judgment reversed.

Cited by plaintiff in error, 46 *Ga.*, 223, 479.

By defendant in error, Code, §§3459, 4071; 59 *Ga.*, 196; 38 *Id.*, 29; 41 *Id.*, 105; 43 *Id.*, 267; 38 *Id.*, 29; 20 *Id.*, 105.