MOTHERSHEAD *vs.* DEGIVE *et al.*

82  193<br>0118  910

1. Although the affidavit and warrant to remove a tenant at sufferance who holds over after demand, allege the value of the premises for rent during a period of more than four years preceding the suing out of the warrant, and aver refusal to pay the same, a counter-

v 82-13

affidavit which merely denies that the rent claimed is due, is no answer to the proceeding. The legal ground of the warrant is not the non-payment of rent, but the retention of possession by a tenant at sufferance after demand.

2. The counter-affidavit is not amendable by adding or substituting a denial of the tenacy in terms of section 4079 of the code, the matter embraced in such denial not being unknown when the original counter-affidavit was interposed, and no excuse being rendered for the omission then to allege it.

3. If a summary proceeding has been returned to court improperly, there being no such counter-affidavit as the law contemplates to warrant the return, it may be dismissed on petition or motion, although a continuance of the case for the term has been entered. When there is no case for trial, a formal continuance is no obstacle to striking it from the docket, after reasonable notice to the party concerned or his counsel.

November 12, 1888.

Landlord and tenant.   Counter-affidavit.   Amendment.   Practice in superior court.   Continuance.   Before Judge MARSHALL J. CLARKE.   Fulton superior court. March term, 1888.

Reported in the decision.

GEORGE S. THOMAS and M. A. BELL, for plaintiff in error.

L. Z. ROSSER and J. B. GOODWIN, contra.

BLECKLEY, Chief Justice.

This was a proceeding under sections 4077, 4078 of the code, to remove a tenant from certain land, and put the owners in possession thereof. The affidavit upon which the warrant was founded, and the warrant itself, alleged that the tenant was a tenant at sufferance, and was holding over after demand made for possession. They also set forth that the premises were worth for rent a certain sum for a period reaching back more

Mothershead *vs.* DeGive *et al.*

than four years, and averred refusal to pay the same. A counter-affidavit was filed by the tenant, which merely denied that the rent claimed was due.

1. The first question is, whether the affidavit was any answer to the proceeding. We think it was not. Had the warrant issued on the ground that the rent was due and remained unpaid, such a counter-affidavit would have been appropriate. Acts 1865-6, p. 35; code, §4079. But the ground of this proceeding was altogether different. It was that a tenant at sufferance refused to deliver possession on demand. The value of the premises for rent was stated, not as the ground of the proceeding, but to lay the foundation to recover double that value, under section 4081 of the code. It is more than probable that this recovery would not go back to a period anterior to the demand; but certainly, after demand made and refusal to deliver, the rent would run. *Smith vs. Singleton*, 71 *Ga.* 68. Although in the element of rent, the warrant may have suggested a wrong theory with reference to time, yet that did not render the rent element the foundation of the warrant; and so the counter-affidavit was no answer, under the statute, to the proceeding.

2. At the hearing, an amendment to the counter-affidavit was proposed, to the effect that she (the alleged tenant) does not hold the premises by sufferance, or as tenant at sufferance, from the plaintiffs or either of them, or from any one under whom they claim, or from any one claiming under them. Had the matter of this amendment been set up by an original affidavit, before the proceeding was returned to court, it would have been a good and sufficient answer to the warrant. Code, §4079, *supra.* But the counter-affidavit was not amendable by the insertion of this new and independent defence which, if true, must have been known at the

time the original affidavit was made; and there is no suggestion that it was not known. In *Rountree vs. Rutherford*, 65 *Ga.* 444, it was held that a counter-affidavit to a distress warrant for rent could be supplemented by a plea of discharge in bankruptcy. But the matter of the plea arose long after the original counter-affidavit was made; and consequently, there was no default in not incorporating the same in that affidavit. Besides, in that case, there was something to amend by, inasmuch as the original affidavit presented a real and proper defence to the distress warrant, to wit, that the rent claimed was not due. Both the policy of the law and the tenor of decisions are undoubtedly adverse to amending affidavits of defence in summary proceedings. Indeed, were amendments allowable *ad libitum*, as in regular suits, these proceedings would be no longer summary. The very nature of them requires that the party who has a defence and knows of it should present it at the proper time. In *Story vs. Flournoy*, 55 *Ga.* 56, it was held by a majority of the court that, in a summary proceeding to enforce a crop lien, the counter-affidavit was not amendable by means of a supplemental affidavit setting up a defence which was known to the party at the time of filing the original. That case has never been overruled, and the principle of it applies here with full force. The general tendency of the decisions in respect to amending and superadding affidavits in summary proceedings, will be seen from an examination of the following cases : *Cardin vs. Standly*, 20 *Ga.* 105 ; *Perry vs. Martin*, 26 *Ga.* 436 ; *Lockett vs. Usry*, 28 *Ga.* 345 ; *Hass vs. Gardner*, 36 *Ga.* 477 ; *Collins vs. Rutherford*, 38 *Ga.* 29 ; *Paige vs. Dodson*, 46 *Ga.* 223 ; *Rountree vs. Rutherford*, 65 *Ga.* 444 ; *Lewis vs. Frost*, 69 *Ga.* 755 ; *Cumming vs. Wright*, 72 *Ga.* 767.

The legislature must have known of these decisions,

Mothershead *vs.* DeGive *et al.*

and we may infer their approval of them, so far as counter-affidavits are concerned, from their forbearance to legislate on the subject, until the passage of the act of October, 1887, (acts 1887, p. 59 ;) and then they continued their forbearance as to counter affidavits, declaring only that affidavits to foreclose liens, including mortgages, shall be amendable to the same extent as ordinary declarations, and with only the like restrictions, limitations and consequences. When it shall become the policy of the law, if it ever does, to obstruct summary proceedings, instead of advancing them, no doubt the legislature will interpose.

3. It seems that the case itself, on the warrant for possession, had been called and regularly continued; after which the plaintiffs filed a petition praying that the counter-affidavit be dismissed. This petition was served, and at the time appointed, the parties appeared by counsel, when the effort to amend, which has just been referred to, was made. It was objected that, the case having been continued, no further proceedings respecting it could be had at that term, and this is one of the points for our decision. The case having been returned to court improperly, its being continued for the term did not put it out of the power of the court to deal with it. There was no reason why it should stand upon the docket for trial at the next term, for there was nothing to try. Due notice having been given, and full opportunity for hearing, the motion to dismiss was in order at any time, and the sooner it was acted upon the better for justice in behalf of both parties, and for the general interests of law. The law itself continues an attachment until the term after the one to which it is brought; yet in *DeLeon vs. Heller,* 77 *Ga.* 740, it was held that an attachment might be dismissed as founded on a defective affidavit, at the first term.

Judgment affirmed.