## BAILEY, ADMINISTRATOR, v. MILLER ET AL.

[No. 7,305.   Filed March 9, 1910.]

1. WORDS AND PHRASES.—"*Guarantee.*"—The word "guarantee" ordinarily imports an undertaking by one person that another will perform some engagement, but may mean an assurance or an act of making certain.  p. 476.

2. CONTRACTS.—*Sale of Patent Right.*—"*Guarantee*" *of Right.*—A contract in which the holder of a patent right for a state stipulates that he will "guarantee to [the purchaser of a county right] peaceable possession of the rights to said patents and inventions in said * * * county, and all the expenses which may be incurred for suits or infringements or for ousting or keeping out present contractors within said territory." constitutes an undertaking to give possession of such rights and to pay expenses incurred, but not to give possession for such county; and such vendor is not liable for sales made by another in such county unless the vendee has incurred expenses because thereof.  pp. 476, 477.

3. WORDS AND PHRASES.—"*Right.*"—A "right" is a claim enforcible by law; and, as applied to property, imports the privilege of free use, enjoyment and disposal thereof.  p. 477.

From Probate Court of Marion County (claim 8,894); *Frank B. Ross,* Judge.

Action by Joseph Miller against Andrew J. Bailey, as administrator of the estate of Jehu Miller, deceased, and another.  From a judgment for plaintiff, said administrator appeals.  *Reversed.*

*Newton M. Taylor,* for appellant.
*Holtzman & Coleman,* for appellees.

ROBY, J.—Appellee Miller filed a claim against the estate of appellant's decedent, and had a verdict for $400, upon which judgment was rendered.

The assignment of error based upon the overruling of appellant's motion for a new trial best presents the questions upon which the case depends.  Appellant's decedent sold to the appellees the right to use a patent for the construction of a cement cistern.  He was not the inventor, but had

purchased the patent for the State of Ohio, and sold it for Lucas county, executing a written assignment therefor. The instrument contained a clause as follows:

"I further guarantee to said Sylvester F. Wilson peaceable possession of the rights to said patents and inventions in said Lucas county, and all the expenses which may be incurred for suits or infringements or for ousting or keeping out present contractors within said territory."

The basis of liability averred was that decedent and also appellant failed to give said assignee peaceable possession of said territory, and that a person named was, at the time of the assignment, using said patents in the county, and continued to use them thereafter. The damages assessed seem to have been estimated with relation to the profit on sixty cisterns put in by the decedent's son-in-law, the person before referred to, after assignment. Appellant insists that the contract heretofore set out is void on its face, for the reason that the word "guarantee," in the connection 1. in which it is used, means nothing whatever. We are not able to agree with this insistence. The word has an established legal meaning, and ordinarily implies an undertaking by one person that another will perform some engagement. 4 Words and Phrases, 3179. It was not used in this sense in the instrument under consideration as the context shows. It by no means follows that it is meaningless. A guaranty is any thing that assures or makes certain. Thesaurus Dict., 946. The act of making certain. Standard Dict.

The word in this connection is an assurance of the validity of the assignment then made, and implies an undertaking to perform the things specified: (1) To deliver 2. peaceable possession of the right to said patents and inventions in Lucas county; (2) to pay all expenses which the assignee might incur in suits for infringements;

(3) to pay all expenses which might be incurred in ousting or keeping out present contractors within said territory. Decedent did not by this contract undertake to deliver peaceable possession of the territory named. The stipulation is for peacable possession of the rights to said patents. A right is a claim or title to or interest in anything whatsoever that is enforcible by law. The word "rights," as applied to property in a contract, refers to the right to the free use, enjoyment and disposal of it. It also means the possession of the full and complete title, and of all remedies relating thereto. *Ammidown* v. *Granite Bank* (1864), 8 Allen (Mass.) 285; *Miller* v. *Trustees, etc.* (1846), 5 Smed. & M. (Miss.) 651; *Pratt* v. *Fountain* (1883), 73 Ga. 261; *Wallace* v. *Taliaferro* (1800), 2 Call (Va.) 447, 481. Whatever right the patentee might have was thereby assured to the purchaser within the limits named. The possession of this right authorized the assignee to protect himself by suits for infringement, and in the event that such suits were brought the decedent became responsible for expenses incurred, as he did for other suits for ousting or keeping out present contractors. These last provisions are inconsistent with the claim that the decedent became liable under this contract for whatever profit might be made in Lucas county through infringements by others than himself. The recovery had, depends upon an unwarranted construction of an engagement none too clearly expressed, and the motion for a new trial should have been sustained.

Judgment reversed.