The Cape Fear Steamboat Company *vs.* Torrent *et al.*

---

THE CAPE FEAR STEAMBOAT COMPANY, plaintiff in error, *vs.* JOSEPH F. TORRENT *et al.*, defendants in error.

1. An affidavit by an officer or employee on any steamboat, made under section 1969 of the Code, for the purpose of foreclosing a lien on such boat for any debt that the affiant may have against the owner or lessee of the boat, must state the name of the person or persons owing the debt, as well as comply with the other requirements of the statute. This is necessary to give the State authorities, who cannot proceed solely *in rem.* in such a case, jurisdiction. And where the averment is, that demand was made upon the agent, it should state that the demand was made on the agent of the owner or lessee, as the case may be, and not on the agent of the boat.
2. The affidavit being the foundation of the proceeding, the execution issued thereon must conform to it, and cannot supply its defects. Where the affidavit contains all the requirements of the law, the execution. if defective, may be amended so as to make it conform to the affidavit.

Steamboat lien. Affidavit. Demand. Amendment. Before Judge SCHLEY. Chatham Superior Court. January Term, 1872.

A rule *nisi* was issued by the Superior Court of Chatham county calling on the sheriff to show cause why certain exetions which had been lodged in his hands by Joseph F. Torrent and others had not been satisfied out of the funds arising from the sale of the steamboat Governor Worth. In answer to said rule, the said sheriff showed for cause that the said steamboat had been sold under foreclosure of mortgage, at the instance of the Cape Fear Steamboat Company, and that the sale did not produce a sufficiency of money to pay said execution; and that payment of the above-named *fi. fas.* was resisted by the said Cape Fear Steamboat Company, upon various grounds. The said *fi. fas.* were then submitted to the Court, with the proceedings upon which they were founded, to-wit, as follows:

"STATE OF GEORGIA—CHATHAM COUNTY:

"Before me, the undersigned, personally came and appeared, James Greyson, who, being duly sworn, upon oath saith that he was an employee as oiler on the steamboat Governor Worth, engaged in the navigation of the Savannah and Altamaha rivers, within and forming the boundary of this State, and that he has a demand against the owners of said steamboat for wages due him for personal services in connection with the same, as oiler as aforesaid, from the 15th day of April, 1871, to the 7th day of June, 1871, inclusive, a bill of particulars of which is hereunto attached, for fifty-two dollars. That this deponent has made a demand for payment of the said sum on Robert Erwin, the agent of said steamboat, and that the said Robert Erwin has refused to pay the same.

"That the said demand is now being prosecuted within one year after the said debt became due.

"And that the said steamboat is now lying at the port of

The Cape Fear Steamboat Company *vs.* Torrent *et al.*

Savannah, in the county of Chatham, having arrived at the place of destination to which it has been freighted.

"Wherefore he prays that this, his lien, against said steamboat for his debt for personal services due him as aforesaid, may be enforced in terms of the statute in such cases made and provided.    (Signed)

"JAMES ⋈ GREYSON.
his
mark.

"Sworn to and subscribed before me
    this 15th June, 1871.
(Signed)    "PHILIP M. RUSSELL, Jr.,
                "N. P. and E. O. J. P., C. C., Ga."

"Steamer Governor Worth and owners—
                        "To James Greyson,      Dr.
"For services rendered on board said steamboat as
    oiler, say from April 15th to June 7th, 1871, at
    $30 per month.........................................$52 00
"It is ordered that an execution issue instanter against the person owing the debt, and also against the said steamboat, for the amount sworn to be due, and the costs.
        (Signed)            "PHILIP M. RUSSELL, Jr.,
            "N. P. and E. O. J. P., C. C., Ga."

"GEORGIA—CHATHAM COUNTY:
"*To the sheriff, his deputy, or any lawful officer to execute and return.*

"You are hereby commanded to levy on the steamboat Governor Worth, the property of ........., and make the amount of fifty-two dollars, the sum sworn to be due, and six dollars costs expended in this case.

"Given under my hand and seal this 15th day of June, 1871.    (Signed)    "PHILIP M. RUSSELL, JR., [L. S.]
    "Notary Public and *ex officio* Justice of the Peace,
                        "Chatham county, Georgia."

Also, the proceedings in the case of Mike Collins, as watchman, against the said steamboat and owners thereof, for the recovery of $52, in the same Court, and identical in form

with the foregoing, except that the blank in the execution was filled up with the names of Robert Erwin and Charles S. Hardee.

Also, the proceedings in the case of Adolphus Ball, as cook and steward, against the said steamboat and owners thereof, for the recovery of $37, in the same Court, and, in all respects, identical in form with those in the said case of Mike Collins.

Also, the proceedings in the cases of Joseph F. Torrent, as captain, for the recovery of $282 33, and of W. C. Ulmo, as engineer, for the recovery of $148 33, against the owners of the said steamboat, sued out in the Superior Court, but in form identical with the proceedings in the foregoing cases, except that the executions were issued against "the goods, lands, etc., of Charles S. Hardee and Robert Erwin, owners of the steamboat Governor Worth, and of the said steamboat Governor Worth."

Also, the proceedings in the case of Monahan, Parry & Company; as mechanics and machinists, against said steamboat and her owners, for the recovery of $123 69, identical in form, in all respects, with those in the two cases immediately preceding, except that the order of the Judge directs that execution be issued against "the owners of the steamboat Governor Worth, and against said steamboat."

Also, the proceedings in the cases of Joseph Bennifield, as pilot, for the recovery of $156 25 ; of Anderson Newsome, as pilot, for the recovery of $180 ; and John Swain, as pilot, for the recovery of $125, liens against said steamboat, and the owners thereof, the affidavits having been made before the Ordinary of Chatham county, and the said proceedings being, in all respects, identical in form with those in the above named cases in the Superior Court, except that the Clerk was required to issue the executions against "Robert Erwin and Charles S. Hardee, the persons owing the debt, and also against the said steamboat Governor Worth."

And thereupon, the counsel for the Cape Fear Steamboat

The Cape Fear Steamboat Company *vs.* Torrent *et al.*

Company moved to quash all of the foregoing *fi. fas.* upon the following grounds: .

1st. That the affidavits do not specify the names either of the person or persons owing the debts, or of the person or persons owning the said property.

2d. That the pleadings no where show that demands were made for payment by the said plaintiffs upon the owner or owners of the said steamboat, or upon his or their agent.

And moved to quash the proceedings in the case of James Greyson upon the further ground that the execution commanded a levy "on the steamboat Governor Worth, the property of ........."

And also moved to quash the proceedings in the cases of Mike Collins and Adolphus Ball upon the further ground that the executions directed levies on "the steamboat Governor Worth, the property of Robert Erwin and Charles S. Hardee."

And also moved to quash the proceedings in the cases of Joseph F. Torrent and W. C. Ulmo, upon the further ground that the executions were issued against the goods, lands, etc., "of Charles S. Hardee and Robert Erwin, owners of the steamboat Governor Worth, and of the said steamboat. Governor Worth."

And also moved to quash the proceedings in the case of Monahan, Parry & Company, upon the further ground that the order directed execution to be issued against "the owners of the steamboat Governor Worth, and against said steamboat," and not against the person or persons owing the debt.

And also moved to quash the *fi. fa.*, in the case of John Holmes against the steamboat Governor Worth, upon the ground that it commanded that "of the following property, that is to say, the steamboat Governor Worth, you cause to be made and levied the sum of $12 50, which John Holmes, by his attorney, lately before me, made oath to be his claim against said steamboat and her owners, Robert Erwin and Charles S. Hardee, upon proceedings under lien, and also legal costs."

After hearing argument, on the 13th of April, 1872, the Court pronounced the following decision :

"JOSEPH F. TORRENT *et al., vs.* Steamboat GOV. WORTH.

*Rule against Sheriff.*

" Under a *fi. fa.*, on foreclosure of mortgage at the suit of the Cape Fear Steamboat Company, the steamer Governor Worth was levied on as the property of Robert Erwin and Charles S. Hardee, and sold. Creditors claiming liens against the said steamboat, and owners under the Code, section 1968, intervene and claim a right to the fund superior to. the mortgage, and rule the sheriff. The rule is resisted by the mortgagees on the ground that these creditors have not proceeded to enforce their liens in the manner prescribed by the Code. In the view taken of the Code, and of the decisions in other cases affecting the enforcement of liens on steamboats, I hold that the liens in all the cases before me, which *aver a demand upon the agent* and name him, sufficiently comply with the statute.

" The Code, section 1969, provides that there must be a demand on the owner, agent or lessee, and a refusal to pay, and such demand and refusal must be averred. The disjunctive ' *or* ' indicates that the demand must be made on the owner *or* on the agent; a demand on either is sufficient. And in the case in 6 *Georgia Reports*, the Court says, ' the affidavit ought to state that the demand was made, and name the owner *or* the agent.' The affidavits before the Court containing this averment are deemed sufficient in this respect. So far as the form of the affidavit made by these lien creditors are concerned, I believe the objection is the failure to give the names of the owners. All the other averments are made in accordance with the statute, except in the affidavit, where no bill of particulars is attached ; but in these cases, the amount is stated specifically, and a demand on the agent, and a refusal on his part to pay it, is averred. The sum sworn to be due is not traversed ; and, therefore, the absence of the bill of particulars is not, in my opinion, a fatal defect.

The Cape Fear Steamboat Company *vs.* Torrent *et al.*

The statute only requires that the amount claimed to be due must be sworn to, and if the amount is not denied, the creditor is entitled to have judgment for the amount sworn to. Defects in the *fi. fas.* are amendable; but as the filing of the affidavit operates as a judgment in the case, and as these creditors claim, under their liens, a fund brought into Court by other process, it was not necessary that *fi. fas.* should be issued so as to entitle them to come in and claim the fund.

" Let an order be taken in compliance with the above rulings, distributing the fund amongst such of the lien creditors as come within the provisions of section 1968 of the Code. Such as claim a lien for ' supplies ' furnished, as distinguished from claims for personal services on board, or for wood and provisions furnished, must be disallowed."

The Cape Fear Steamboat Company excepted to the said decision and assigns the same as error.

JACKSON, LAWTON & BASINGER, for plaintiff in error. The affidavits were insufficient: 6 Ga. R., 159; 7 *Ibid.*, 58. To give the Court jurisdiction the executions must be issued against "the persons owing the debts:" 40 Ga. R., 177; 1 *Ibid.*, 318; 12 *Ibid.*, 424. A judgment may be set aside on account of the uncertainty of the pleadings : 35 Ga. R., 176. Execution must follow the judgment: 39 Ga. R., 565. Demand can only be made on the rightful owner or agent: 11 Ga. R., 45; Story on Agency, sec. 36.

HARTRIDGE & CHISOLM; HARDEN & LEVY; ROBERT J. WADE, by brief, for the defendants. The affidavits are in the language of the Code: Code, sec. 1969. The affidavits are sufficient: 6 Ga. R., 163. Owners inaccessible, demand on agent sufficient: 5 Ga. R., 6 *Ibid.*, 164; Code, sec. 1969. Bill of particulars. need not be attached: Code, sections, 1968, 1969; 3 Ga. R., 81. The filing of the affidavit is the judgment: Acts of 1870, 412; 30 Ga. R., 474. Error of Clerk in issuing *fi. fa.* cannot affect lien.

MONTGOMERY, Judge.

1. It is only by considering the proceedings against steamboats under section 1969 of the Code, as proceedings *in personam*, and not strictly proceedings *in rem*, that the jurisdiction of the State Courts can be maintained for the enforcement of the liens provided for by the preceding section: 40 *Ga.*, 177. If proceedings *in personam*, necessarily the judgment must be against the *person* of the debtor. Under the Act of 1870, amendatory of the 1969th section of the Code, the affidavit is the judgment. It follows that the affidavit must set out the names of the owners or lessees, as the case may be, who owe the debt, as well as comply in other respects with the statute. And where the affidavit avers that the demand was made upon the agent, it should state that he is the agent of the persons owing the debt. It is said this is not in strict accordance with the grammatical construction of the section. That the Act says "there must be a demand on the owner or agent or lessee for payment," etc., and that this can only mean the owner of the boat, the agent of the boat, etc. Doubtless this is true, but is it anything more than the common figure of speech known to rhetoricians as personification, in which the owners or lessees are represented through the property thus impersonated? A boat is incapable of having an agent. We speak of the agent of a hotel, of a railroad, etc. Who is the principal in such a case? True, in proceedings *in rem* in maritime Courts vessels may be said to have agents. But to take this view of it would be to oust the State Courts of jurisdiction, as already indicated. And unless it is very plain that the Legislature mean to give judgment against one without a hearing, Courts will not give that construction to any Act which may bring about such a result. To hold that a demand upon the agent of the *boat*, as distinguished from the owner or lessee, is sufficient to authorize this summary proceeding, would be to decide that, in some cases, such a judgment might be rendered—as, for instance, in case the

Shipp *et al. vs.* Wingfield.

boat is leased, after service rendered by an employee for which he has not been paid, and a demand upon the agent of the boat while so leased. The old Act of 1841 only required that a demand should be made for payment, without stating upon whom or how it was to be made: See second section of the Act, 5 *Georgia,* 197–8. This Court held it must be made *personally* upon the owners or their agent, and that even a demand upon the captain of the boat was insufficient: *Butts et al. vs. Cuthbertson,* 6 *Georgia,* 159; 30*th,* 474. In view of these former rulings of this Court, and the very doubtful manifestation of an intention on the part of the Legislature to change the law as thus interpreted, we think that when the Code says "there must be a demand on the owner or agent or lessee for payment and a refusal to pay; and such demand and refusal must be averred," that it means a demand upon the agent of the owner or lessee, whichever may owe the debt. 2. The affidavit being the foundation of the proceeding—the judgment, in fact—the execution must conform to it, and cannot supply its defects. Where the affidavit contains all the requirements of the law, the execution, if defective, may be made to conform to it by amendment, if necessary.

Judgment reversed.