LOVE *vs.* COX, sheriff, *et al.*

1. A laborer has a special lien on particular property, and also a general lien on all the property of his employer for work done, and if properly asserted, it will date from the completion of the work. But in order to receive the advantage of this lien, it must be foreclosed as provided by law, and, as to realty, recorded.

(*a.*) Where a laborer neither recorded nor foreclosed his lien as such, but brought complaint on an open account for the amount due him, and recovered judgment, his claim was postponed to judgments junior to the performance of the work but senior to the date of his judgment.

2. That a laborer desires to claim a general lien on all the property of his employer and is unable to describe such property specifically, does not relieve him from asserting his lien and enforcing it as such. He need not do an impossible thing.

(*a.*) Nor does it matter that he might be compelled to enforce his lien on the personalty of his employer in one action and on the realty in another.

Liens. Judgments. Pleadings. Before Judge FAIN. Whitfield Superior Court. April Term, 1881.

This was a rule brought by John P. Love, the plaintiff in error, against Cox, the sheriff of Whitfield county, calling upon him to show cause why he should not pay over to him enough of the money in his hands to satisfy his *fi. fas.* The sheriff had sold a large lot of real property belonging to the Dalton City Company, under vari-

ous *fi. fas.*, and the money was in his hands held up under notice from said Love. The sheriff answered the rule, setting out *in extenso* the lots sold and the amount realized therefrom, the amount in hand, and that he had older *fi. fas.* in his hands in favor of D. A. Walker sufficient to consume the fund. Thereupon John P. Love tendered an issue, alleging that, although the *fi. fas.* in favor of Walker were of older date than his, still he had the better lien, as his judgment was based on an account for labor done for the Dalton City Company, and that he claimed a general lien upon all the property of the Dalton City Company. The whole question was submitted, both on the law and facts, to the judge. The judgment and account in favor of Love, sued on, were read in evidence. The record of Love's judgment was admitted to be as follows: On the 30th of September, 1876, John P. Love sued the Dalton City Company for labor done as a mechanic prior to August, 1875, on the Duff Green hotel, the property of said company; the defendant was duly served with process, and on the 20th of October, 1877, a verdict and judgment were rendered in favor of said Love *vs.* the company, for the sum of $260.35, besides interest and costs. The suit was the common action of complaint, and no lien was claimed in the declaration, or set out, and no record of any lien introduced in evidence. Love swore that the work was done by him on the Duff Green hotel, then being built by the Dalton City Company, that the items charged for day labor were for labor, and were correct, and that the piece work done by him was done out of the regular hours of labor, that 10 hours were a day's work, and he did the piece work outside of the 10 hours. That the prices were usual and reasonable, and that he completed his work and contract early in August, 1875.

The court awarded the money to the D. A. Walker *fi. fas.* because Love had not recorded his lien and commenced suit within twelve months.

B. Z. HERNDON ; W. K. MOORE, for plaintiff in error.

JOHNSON & McCAMY, for defendants.

JACKSON, Chief Justice.

The question made in this record is whether the general lien of a laborer, unrecorded and unforeclosed, has preference over a judgment creditor whose judgment is older than the judgment of the laborer, though younger than the date of his labor or of its completion. The court below gave the preference to the judgment creditor, and, on that ruling, error is assigned in this court.

The laborer sued on his open account for work done as a mechanic, but did not claim any lien, and merely brought suit on his account and got a general judgment therefor.

There can be no doubt that the laborer has not only a special lien on the premises he works upon, but also a general lien on all the property of his employer, and that when he complies with the remedies provided by law for the assertion of this lien, it operates from the completion of the work. Acts of 1873, p. 42. Code, §§1974-5-6.

What must the laborer do in order to assert this lien and make it a valid lien against the property of his employer? Section 17 of the act of 1873, on page 46 of the Acts of 1873, declares how all liens on real and personal property, under that act (not otherwise provided for, and this is not). shall be foreclosed, and on what terms the lien is to be valid ; and so does the Code, in §§1990 and 1991, where this provision is codified. He must record his claim and commence suit within the time prescribed in section 1980 of the Code—that is, within thirty days he must record it, and within twelve months commence suit. The reason of the law is as obvious as the law itself is plain. Other creditors should know what liens are on the debtor's property, and the debtor should not be crippled in getting credit by having a lien, resting purely in parol evi-

dence, covering his entire estate. In this case the laborer did nothing of the sort, and the evidence of his asserted lien reposed in his own breast until this property was sold and the money in the sheriff's hands.

But it is said that he could not pursue the remedy provided by law, because his lien was on all of his employer's property, and he could not specify. The answer is in 43 *Ga.*, 9. He need not do what he could not do. All that he had to do was to record his claim and assert his lien on all the real property of the debtor.

It is said again that his right of lien operated on personalty as well as realty, and he could not pursue both in one proceeding, because the remedies provided in the one case differ from those in the other. Very well. Let him then proceed upon all the personalty, under the law applicable to it, and upon the realty on the law applicable to that sort of property. Just as if he has a claim to personalty and realty in the possession of one and the same man, his remedy would be trover for personalty and ejectment for realty; or, if he held a mortgage on real and personal property in the same deed, he would foreclose for the real estate, according to its appropriate mode, and against the personal estate in the manner prescribed for foreclosure as to that.

In our view, the question is scarcely questionable, and the judgment of the court below is affirmed.

Judgment affirmed.