## CUMMING *vs.* WRIGHT *et al.*

. While the lien of a laborer attaches, and the right to enforce it accrues, upon the completion of the contract and when the labor has been fully performed, yet the mere existence of the lien does not give the laborer a right to come into court and claim money arising from the sale of property under an execution in favor of another party. Before this can be done, there must be a judgment of foreclosure, and process must issue thereon.

(*a.*) Where a fund was raised by a sale under a mortgage *fi. fa.*, but the sheriff was notified to hold up the fund on account of certain laborers' liens which had been foreclosed for labor performed prior to the foreclosure of the mortgage, and upon the trial of a money rule, exception being taken to the *fi. fas.* of the laborers, they were withdrawn, the hearing suspended, new proceedings taken to foreclose the liens, and upon the new *fi. fas.*, so obtained, the money was awarded to them, such ruling was error.

(*b.*) If the process issuing upon a complete affidavit of foreclosure be defective, it may be amended and made to conform to the affidavit; but the affidavit of foreclosure cannot be amended.

March 11, 1884.

Liens. Laborers. Mortgage. Amendment. Before Judge SIMMONS. Bibb Superior Court. October Term, 1883.

Reported in the decision.

A. PROUDFIT; M. CUMMING, for plaintiff in error.

HILL & HARRIS, for defendants.

HALL, Justice.

The fund in controversy was raised by a sale under a mortgage *fi. fa.* in favor of the plaintiff in error. The defendants in error claimed liens upon it for labor done for the mortgagor. These several liens had been foreclosed, and the executions issuing on the judgments to enforce the same were placed in the hands of the sheriff, accompanied by a notice to hold up the proceeds of the sale, for distribu-

tion among the claimants. To effect this distribution, a rule was brought by the defendants against the sheriff.

When this rule came on to be heard, exceptions were taken to the *fi. fas.* of defendants in error, which they admitted to be well founded, as we are authorized to infer from the fact that they were withdrawn. Upon the withdrawal of these *fi. fas.*, the hearing of the rule was suspended, and new proceedings were taken to foreclose these various liens. Upon these new proceedings, other *fi. fas.* were issued, and the claim to the fund was renewed under them. The court permitted the rule to be amended, so as to conform to this altered state of the case, and it appearing that the labor was rendered by these claimants before the foreclosure of the mortgage of plaintiff in error, a sufficient amount of the same to satisfy these *fi. fas.* was awarded to them by the judgment of the court, to which judgment the plaintiff in the mortgage *fi. fa.* excepted, and this exception makes the questions we are called upon to determine.

The lien attaches and the right to enforce it accrues at the completion of the contract and when the labor has been fully performed. But the mere existence of the lien does not give the party a right to come into court and claim money arising from the sale of the property subject to it, under an execution in favor of another party. Something more than this is indispensable; the lien must be established by a judgment, and process must issue upon that judgment, in order to entitle the laborer to participate in the proceeds of such a sale. This was distinctly ruled by this court in *Love vs. Cox, sheriff, et al.*, 68 *Ga.*, 269.

At the time of this sale, it must be conceded that the laborers had no foreclosure, upon which process issued, that could claim this fund. The process upon which it was awarded to them was new process, and was founded upon a proceeding to enforce the lien had subsequent to the sale, and subsequent to the time when the proceeds

should have been distributed. This was not the process upon which the notice to hold up was founded, and upon which the rule to pay out was issued.

This case is distinguishable from *Harrison vs. Guill et al.*, 46 *Ga.*, 427. There the distress warrant was merely irregular, and, to use the language of the judge delivering the opinion, time was given to get it "into shape;" here the process, together with the judgment from which it issued, was entirely withdrawn, and others were substituted for them. These latter were proceedings entirely *de novo* and independent of those for which they were substituted. Indeed, this affidavit of foreclosure could not have been amended. Code, §3504; 6 *Ga.*, 160; 55 *Id.*, 57; *Lewis vs. Frost*, 69 *Id.*, 755. If the process issuing from a complete affidavit of foreclosure be defective, it may be amended and made thereby to conform to the affidavit (46 *Ga.*, 585), as was done in *Harrison vs. Guill et al.*

Had the distinction made by these cases occurred to our able and experienced brother, who presided at the trial, his conclusion would have been doubtless different; as it is, we think his disposition of the fund was erroneous, and the judgment rendered must be so modified as to direct so much of what remains, after paying the costs thereof, to be applied to the satisfaction of plaintiff's mortgage *fi. fa.*

Although other questions than the foregoing were pressed upon the consideration of this court with ability and learning, and with candor and fairness in argument quite noteworthy and altogether commendable, yet we do not feel authorized to determine them, because the facts contained in the record are not sufficiently full to enable us to do so with justice to the parties.

Judgment reversed.