BOYCE v. POORE *et al.*

The special lien of a laborer applies only to the products of his labor, and the foreclosure of such lien will not entitle him to participate in the proceeds of other personal property before the court for distribution, although the affidavit of foreclosure and the *fi. fa.* issued thereon embrace such other property. Had a laborer's general lien been claimed and foreclosed, the result would have been otherwise.

March 10, 1890.

Money rule. Liens. Practice. Before Judge BOWER. Decatur superior court. May adjourned term, 1889.

The affidavit of Boyce, made before the county judge, set forth his contract for labor with Haile, the amount to be paid him, Boyce; the character of labor he was to perform, which was that of general hand, distiller, commissary keeper, and general overseer on a turpentine farm; that he was employed by the month and had completed ten and two thirds months of the contract of labor, when he was forced to stop work under the contract, by reason of the fact that Haile was compelled to suspend business by the foreclosure on his property of mortgages held by his creditors; that there was due and unpaid for the labor $352, payment of which after due had been demanded and refused; that the affidavit was made within twelve months from the time said sum became due, and for the purpose of foreclosing a laborer's special lien upon 75 barrels of rosin, more or less, one barrel of spirits of turpentine, a mule, pony, two two-horse wagons, a small wagon and buggy, eight oxen, and all other personal property now stored upon the premises of and in possession of said Haile in said (Decatur) county, "said property being the products of his labor and covered by his special lien as a laborer." Upon this affidavit the lien *fi. fa.* was issued by the clerk of the superior court, and was afterwards levied upon certain property as the property of Haile.

To the fund arising from the sale of Haile's property under various *fi. fas.* against him, there were various claimants, among others mortgage creditors, who demurred to Boyce's affidavit of foreclosure, on the ground that it is insufficient in law because it does not set out the specific realty and personalty upon which Boyce claims his lien. It was conceded that the mortgages were of older date than the contract under which the foreclosure of Boyce's lien was made, and that they were sufficient in

amount to cover the whole fund in court. Boyce moved to amend his affidavit by setting out a list of specific property real or personal upon which his lien was claimed; all of said property having been sold by the sheriff. The court refused to allow this amendment, and sustained the demurrer except as to the rosin and turpentine, it being conceded that this was all the property set out in the affidavit of foreclosure which was the product of affiant's labor; and ordered that Boyce be awarded $12.60, agreed on as his share of the fund arising from the sale of the rosin and turpentine. Boyce excepted to the sustaining of the demurrer and the refusal of the amendment.

O. G. GURLEY and J. G. TALBERT, for plaintiff.

DONALSON & HAWES, D. A. RUSSELL and M. O'NEAL, for defendants.

BLECKLEY, Chief Justice.

The laborer was before the court upon the claim of a special lien only. He had not attempted to foreclose any general lien, and without foreclosure the court could take no notice of any such lien. *Cumming* v. *Wright*, 72 *Ga.* 767. The special lien, though claimed upon a horse, a mule, a pony, three wagons, a buggy, eight head of oxen and other personal property not specified, as well as upon seventy-five barrels of rosin and one barrel of spirits of turpentine, was restricted by the code, §1975, to the products of the plaintiff's labor; and these products were conceded at the hearing of the case in the court below to be confined to the rosin and spirits of turpentine only, as to which the lien was enforced, and the plaintiff was allowed his full share of the proceeds. Had he offered to amend his affidavit so as to make it claim a general lien as to the other property and a special lien as to these two articles, perhaps the amendment would have been allowable

under the act of 1887. But he made no such offer. His proposition was to amend by setting out more specifically the property to which his claim of a special lien applied. But the allowance of such an amendment would not have aided him; for the reason that he got the benefit of his special lien upon all the products of his labor, and that kind of lien would not have attached to other property, no matter how well such other property might have been described. The court may have erred in "overruling" the foreclosure at the instance of competing creditors, but this was not material, as the plaintiff had no special lien on the property other than the rosin and the turpentine, and there was consequently nothing before the court upon which he could have been allowed more out of the fund than was awarded him.                     *Judgment affirmed.*