## LIGHTNER *v.* BRANNON & WYNN.

According to the principle laid down by this court in the case of *Duncan* v. *Clark,* 96 *Ga.* 263, and the cases there cited, a landlord having a special lien upon the crop of his tenant for supplies furnished, cannot, by purchasing the crop from the tenant at private sale, acquire a title thereto which can be set up by claim as against a levy upon the crop under a common law judgment against the tenant. In such case the lien of the landlord upon the crop is superior to that of the judgment without regard to the question of their respective dates, but he can assert its priority over the judgment only by a legal foreclosure of his lien.

November 30, 1896. Argued at the last term.

*Certiorari.* Before Judge Butt. Chattahoochee superior court. September term, 1895.

An execution in favor of Brannon & Wynn against Burton Flowers, founded on a judgment rendered in February, 1894, was levied by a constable, September 3, 1894, on 50 bushels of corn and 500 pounds of seed-cotton, and later in the same month on 3,000 pounds of seed-cotton, 5,000 pounds of seed-cotton ungathered, and 400 bundles of fodder. Claims were interposed by J. M. Lightner, and a verdict was rendered for him in justice's court. On *certiorari* the superior court ordered that the verdict be set

aside, the claims dismissed, and final judgment rendered in favor of plaintiffs. Claimant excepted.

The original answer of the justice to the writ of *certiorari* showed, that Flowers rented from Lightner the land upon which the produce levied on was raised, for a certain number of bales of cotton and had discharged the rent obligation, turning over the number of bales agreed to be paid as rent; that the produce levied on had been turned over by Flowers to Lightner in July, 1894, in discharge of a debt for supplies; and that plaintiffs' execution had been duly entered on the execution docket. The amended answer of the justice shows the following: The levying officer testified that Flowers was in possession of the property levied on, at the time the levies were made; and told that officer that said property was not his but claimant's. Claimant testified, that he rented the land to Flowers for that year for four and a half bales of cotton; that there was a verbal contract with Flowers that the entire crop should be claimant's until all advances for fertilizers and provisions were paid for; and that in July he bought out Flowers, gave him his supply account for his interest, and agreed with him that he should remain on the farm and gather the crop, and if anything were left over after paying the rent and supply account, claimant would turn it over to Flowers.

*L. McLester* and *C. C. Minter*, for plaintiff in error.
*Miller, Wynn & Miller,* contra.

ATKINSON, Justice.

The official report states the facts. The principle announced in the case of *Duncan* v. *Clark,* 96 *Ga.* 263, and cases there cited, to which reference is made in the headnote, is directly applicable to the facts in the present case, and hence no further opinion is necessary.

*Judgment affirmed.*