### COCHRAN et al. v. WAITS, JOHNSON & COMPANY.

FISH, C. J.   1. A landlord's special lien for rent upon the crop grown.
upon the rented premises takes effect upon the maturity of the crop,
and his special lien upon such crop for supplies furnished to make the·
same arises, by mere operation of law, when such supplies are furnished.
In neither case is a levy necessary in order to fix the lien upon the crop..
Civil Code, §§ 2795, 2796, 2800, par. 1.

2. Such special liens being superior to older common-law judgments ob-·
tained against the tenant (Civil Code, §§ 2795, 2800, par. 6), if agricul-·
tural products upon ,which such liens exist are levied upon under such.
judgments, and the landlord thereupon duly forecloses these liens and.
places the lien executions in the hands of the levying officer, to be levied
upon such property, and such products are sold by the levying officer
under the common-law executions, without the fi. fas. issued upon the·
foreclosure proceedings of the landlord having been levied upon them,.
the money arising from such sale in the hands of the levying officer is.
subject to such special liens, and, in a rule against such officer to dis-·
tribute the same, they will take precedence over the judgments upon
which the executions under which the property was sold were based.

3. Therefore if, in such a case, a rule to distribute the money in the hands.
of the levying officer is pending at the instance of the owner of the:
common-law fi. fas., the landlord is not entitled to an injunction to·
prevent such money from being applied toward the satisfaction of such
executions, even though the tenant be insolvent and the landlord without·
recourse for the collection of his claims other than upon such funds.

4. The fact, in the present case, that the common-law executions against the·
tenant had been also levied upon personal property other than the crops.
raised upon the rented premises, to which property the landlord had.
filed a claim, afforded no reason for equity to interpose for the purpose·
of consolidating the claim case thus made with the controversy be-·
tween the same parties over the funds realized from the sale of such:
crops under these fi. fas.

5. There was no error in refusing to grant an interlocutory injunction.

*Judgment affirmed.   All the Justices concur.*

Submitted July 18,—Decided December 12, 1906.

Petition for injunction.   Before Judge Bartlett.   Polk superior
court.      March 13, 1906.

*Mundy & Mundy,* for plaintiffs.

*John K. Davis* and *H. H. Carpenter,* for defendants.