6341. HILL-ATKINSON COMPANY *v.* HASTY *et al.*

RUSSELL, C. J. 1. Although a landlord's lien for advances to aid in making a crop, furnished in the year in which the crop was raised, be not foreclosed until the day of the sale of the crop under a mortgage foreclosure, the landlord may place the foreclosed lien in the hands of the levying officer who is about to sell the property, and thereafter, by rule, require so much of the proceeds of the sale as is necessary for that purpose to be applied in satisfaction of his lien. *Mulherin* v. *Porter*, 1 *Ga. App.* 153 (58 S. E. 60); *Cochran v. Waits*, 127 *Ga.* 93 (56 S. E. 241).

2. Upon the issue raised by the rule in a case such as that mentioned above, as to the respective priorities of the landlord's lien for supplies furnished to aid in making the crop and the lien of the mortgage creditor, who filed an intervention, the holder of the landlord's lien is entitled to the opening and conclusion of the argument, under the general rule that the burden of proof rests upon the movant. This is especially true where, as in the present case, the answer of the sheriff, in which it was admitted that the foreclosed landlord's lien was placed in his hands before the sale and that he had sufficient funds in his hands to pay it in full, was not traversed. Civil Code, § 6271.

3. Since the jury found in favor of the landlord's lien the amount for which it was originally foreclosed, it is not apparent that the mortgage creditor was hurt by the allowance of an amendment in which a larger amount was claimed by the landlord. However, the allowance of the amendment was not error, for, under the provisions of section 5706 of the Civil Code, "all affidavits for the foreclosure of liens . . shall be amendable to the same extent as ordinary declarations, with only the restrictions, limitations, and consequences now obtaining in the case of ordinary declarations and plans;" and this rule applies whether the original foreclosure, as final process, has been transformed into mesne process by the filing of a counter-affidavit or not.

(a) The amendment setting forth an itemized statement was in response to the intervenor's demand, which precludes him from complaining of that amendment; and the amendment of the original affidavit and of the foreclosure were conformable in amount to the itemized statement.

4. The defendant in the mortgage foreclosure, who was also the tenant described in the foreclosure of the landlord's lien, not being a party to the issue raised by the rule as to the funds arising from the sale of his property, and being merely a witness in behalf of the mortgagee, it was within the discretion of the court, upon appropriate request for a separation of the witnesses, to require this witness to be sequestered. Civil Code, § 5869.

5. As corrected by the explanatory note of the trial judge, there is no merit in the assignment of error in which the complaint is made that there was an implied intimation on the part of the court as to what had or had not been proved in the case.

6. The overruling of a ground of a motion for a new trial based upon alleged newly discovered testimony will not be reversed when such testimony is merely cumulative, and it further appears that, by the exercise of due diligence, the testimony alleged to be newly discovered might have been obtained before the trial.

7. There was conflict in the evidence, and the jury could have found a different verdict, but their finding was necessarily controlled by their determination of the comparative credibility of the witnesses, and the fact that the verdict was somewhat less than the amount claimed by the prevailing party did not require the grant of a new trial. There was no error in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED FEBRUARY 3, 1916.

Rule; from city court of Greenville—Judge Beall presiding. January 21, 1915.

*N. F. Culpepper,* for plaintiff in error.

*McLaughlin & Jones,* contra.