## LATHEM & SONS *v.* STRINGER.

1. As a general rule, the residue of funds produced at an execution sale, after payment of costs, is to be applied on the liens divested by the sale, in their relative priority.

2. Although a landlord's lien for supplies arises by virtue of the statute when the supplies are furnished, such lien can not be asserted against the tenant's crop except by foreclosure.

(a) Where fi. fas. issuing on common-law judgments are levied on crops grown by the defendant on rented land, and the crops are sold, and subsequently, and before the application of the proceeds of the sale to the common-law fi. fas., the landlord of the defendant forecloses his lien for supplies furnished the defendant, in a rule to distribute the money, in the absence of equitable grounds, it is erroneous to award the net funds to the landlord's lien for supplies, in preference over the common-law fi. fas.

MAY 13, 1916.

Money rule. Before Judge Patterson. Cherokee superior court. February 26, 1915.

*W. D. Mills, N. A. Morris,* and *J. G. Roberts,* for plaintiffs in error. *G. I. Teasley,* contra.

EVANS, P. J. The issue arose upon a rule to distribute money in the hands of a constable. G. W. Lollis was a tenant of J. G. Stringer for the year 1914. During that year Stringer furnished him supplies with which to make a crop. Certain crops grown upon the rented premises were levied upon under justice-court executions in favor of W. A. Lathem & Sons, and were sold under those fi. fas. A few days after the sale, and before the proceeds thereof had been turned over by the constable to the plain-

tiffs in the justice-court fi. fas., the landlord sued out his warrant for supplies furnished to his tenant, and placed the same in the hands of the constable. Subsequently the landlord brought a rule against the constable, to require him to apply the net proceeds of the sale to the payment of his process. In that proceeding Lathem & Sons intervened and claimed priority of right of payment, on the ground that at the time of the sale the landlord's lien for supplies was unforeclosed, and for that reason they were entitled to have the fi. fas. founded on common-law judgments satisfied in preference to the lien of the landlord. The fund in hand was insufficient to pay the lien of the landlord, and the court awarded it to him.

In the distribution of the proceeds of an execution sale the actual costs of the sale are first to be paid, and the residue is to be applied on the liens divested by the sale in their relative priority. Rorer on Judicial Sales, § 1448. A landlord's special lien upon the tenant's crop, for supplies furnished to make the same, arises by operation of law when such supplies are furnished, and a levy is unnecessary in order to fix the lien upon the crop. *Cochran* v. *Waits,* 127 *Ga.* 93 (56 S. E. 241); Civil Code (1910), §§ 3340, 3341, 3348 par. 1. While it is true that the landlord's lien for supplies arises upon furnishing the supplies, the lien can only be asserted by foreclosure. *Duncan* v. *Clark,* 96 *Ga.* 263 (22 S. E. 927). When the tenant's crops were sold the landlord had not foreclosed his lien, and therefore his lien was not in a position to be asserted. Such being the case, he had no completed lien, equivalent to a judgment, to be divested by that sale; and hence he is not entitled to participate in the funds raised by the sale of the tenant's crops.

The precise question has never been before this court, but, reasoning by analogy, we think the principle has been adjudicated. It has been held that an unforeclosed mortgage, in the absence of equitable reasons, can not participate in a fund raised by the sale of the mortgaged property under other process. *Sims* v. *Kidd,* 55 *Ga.* 626. A mere notice to the sheriff to retain money collected under legal process, unless accompanied by a lien capable of being asserted against the fund, will not justify him in withholding it from the plaintiff under whose process he raised it. *Strickland* v. *Smith,* 53 *Ga.* 79; *Love* v. *Cox,* 68 *Ga.* 269.

In *Cumming* v. *Wright,* 72 *Ga.* 767, a fund was raised by a sale under a mortgage fi. fa., but the sheriff was notified to hold up the fund on account of certain laborers' liens which had been foreclosed for labor performed prior to the foreclosure of the mortgage, and upon the trial of a money rule, exceptions being taken to the fi. fas. of the laborers, they were withdrawn, and the hearing suspended, and new proceedings taken to foreclose the liens, and the money was awarded to the new laborer's liens; and it was held that the award of the fund to them was error. The court in the opinion said: "The mere existence of the lien does not give the party a right to come into court and claim money arising from the sale of the property subject to it, under an execution in favor of another party. Something· more than this is indispensable; the lien must be established by a judgment, and process must issue upon that judgment, in order to entitle the laborer to participate in the proceeds of such a sale. . . . At the time of this sale, it must be conceded that the laborers had no foreclosure, upon which process issued, that could claim this fund. The process upon which it was awarded to them was new process, and was founded upon a proceeding to enforce the lien, had subsequent to the sale, and subsequent to the time when the proceeds should have been distributed." From the rulings in these cases we deduce the principle that the landlord who forecloses his special lien for supplies after the sale of the crops belonging to his tenant is not entitled to priority over a common-law execution which sold the property, in the distribution of the proceeds. The case of *Cochran* v. *Waits,* supra, is not opposed to this conclusion, because in that case the lien of the landlord was foreclosed, and the foreclosure process was placed in the hands of the levying officer before the sale occurred.

*Judgment reversed. All the Justices concur.*