10490.  HAWKINS v. SMITH, sheriff, et al.

SMITH, J.  A landlord's lien for supplies arises by virtue of the statute when the supplies are furnished (*Cochran* v. *Waits*, 127 *Ga.* 93 (56 S. E. 241); Civil Code (1910), §§ 3340, 3341, 3348, par. 1), but such lien cannot be asserted against the tenant's crop except by foreclosure. *Lathem* v. *Stringer*, 145 *Ga.* 224 (88 S. E. 941); *Duncan* v. *Clark*, 96 *Ga.* 263 (22 S. E. 927).  In the instant case the landlord had not foreclosed his lien when the tenant's crops were sold, and therefore his lien was not in a position to be asserted, in the absence of sufficient equitable reasons.  Realizing that he could not stand on his lien foreclosure, he filed a paper in the nature of an intervention, attempting to set up an equitable claim to the fund in question on the ground that the tenant was insolvent.  Even if the alleged insolvency of the tenant was sufficient equitable reason for him to participate in the fund raised by the sale of the tenant's crops, the landlord failed altogether to carry the burden of establishing his alleged equity by evidence.  *Moore* v. *Brown*, 107 *Ga.* 139 (32 S. E. 835).  It was, therefore, not error for the trial judge to refuse to allow the landlord's lien to participate in the fund raised by the sale of the tenant's crops.

> *Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*
> DECIDED NOVEMBER 19, 1919.

Money rule; from city court of Floyd county—Judge Nunnally. February 24, 1919.

*John Camp Davis,* for plaintiff in error.

*L. H. Covington, Wright Willingham, Harris & Harris, W. B. Mebane, J. F. Kelly,* contra.