## In re HARPER.

(District Court, N. D. Georgia. January 7, 1924.)

No. 9445.

1. **Bankruptcy** �824191(1)—**Special landlord's lien on crop given by Georgia statute enforceable in bankruptcy.**

Under the provision of Civ. Code Ga. 1910, § 3340, that "landlords shall have a special lien for rent on crops made on land rented from them, superior to all other liens," except taxes, the lien given inheres in the contract of rental, and is not displaced by bankruptcy of the tenant before it is asserted by distress warrant, but is to be recognized by the bankruptcy court.

2. **Bankruptcy** �824191(1)—**Statutory landlord's lien for supplies furnished enforceable in bankruptcy.**

Under Civ. Code Ga. 1910, § 3348, providing that landlords shall have a lien on crops for supplies or money furnished and necessary to make the crops, which "shall arise by operation of law from the relation of landlord and tenant," such lien is not one obtained by legal proceedings, and is not affected by bankruptcy of the tenant, but is to be recognized and enforced in the bankruptcy proceedings.

3. **Bankruptcy** �824214—**Statutory method of enforcing liens need not be followed where bankruptcy intervenes.**

While the method of enforcing liens given by statute to a landlord must ordinarily be followed, such procedure is not necessary, where before it is taken the property passes into possession of a court of bankruptcy.

4. **Bankruptcy** �824474—**Lienors not chargeable with costs and expenses of administration, if general estate is sufficient.**

Holders of liens on property of bankrupt are entitled to full payment from its proceeds, if the general estate is sufficient to pay costs and expenses of administration; but, if not, they may be required to contribute on an equitable basis.

In Bankruptcy. In the matter of William L. Harper, bankrupt. On review of order of referee. Modified and affirmed.

Boykin & Boykin, of Carrollton, Ga., for trustee.
H. C. Strickland, of Carrollton, Ga., for claimant.

SIBLEY, District Judge. Harper was adjudged a voluntary bankrupt October 15, 1923. Mrs. Maxwell proved a claim, the general purport of which is that Harper was her tenant; that she had, during the year, furnished him stated guano money, and other supplies to make a crop, and that he owed her one-fourth of 5 bales of cotton, of the value of $156, as rent, for all of which she claimed payment. The trustee objected to the allowance and payment of these claims as secured or priority claims, on grounds, among others, that they were inexplicitly set forth and had not been foreclosed prior to bankruptcy in the manner provided by the Georgia statutes. The referee states that it was admitted before him, in the hearing, that Harper was Mrs. Maxwell's tenant during 1923, and that the crops sold by the trustee were raised on the lands rented from her. He held the claim of Mrs. Maxwell for supplies and rent to be liens against the proceeds of the crops superior to the rights of the trustee, and ordered them paid

in full out of the crops, if sufficient to pay them, and that the proceeds of other property be held until further order. This judgment is under review.

1. The claim filed does not expressly aver the tenancy; that the articles furnished were necessary to make a crop; that the cotton, the value of which is claimed as rent, was raised on the rented land; nor that the landlord's special lien on the crop raised upon her land was sought to be asserted. In these respects, the claim filed is defective as a secured claim, and should be amended before its final allowance.

[1] 2. Supposing these averments made and supported by evidence, the parties request decision of the meritorious questions arising. These are controlled largely by Georgia statutes. The lien for rent is provided in Code Ga. § 3340:

"Landlords shall have a special lien for rent on crops made on land rented from them, superior to all other liens except liens for taxes, to which they shall be inferior, and shall also have a general lien on the property of the debtor, liable to levy and sale, and such general lien shall date from the time of the levy of a distress warrant to enforce the same."

The general lien provided by the last clauses of the section is not involved here. Since it dates only from the levy of a distress warrant, and applies only to the property levied on, it cannot cut any figure against the lien of the trustee in bankruptcy, unless the distress warrant is actually levied before bankruptcy. But even this general lien is held not to be "obtained through legal proceedings," but to inhere in the contract of rental as an implication furnished by statute, and so is not invalidated by a bankruptcy within four months after the levy of the distress warrant. Henderson v. Mayer, 225 U. S. 631, 32 Sup. Ct. 699, 56 L. Ed. 1233.

In the case of the special lien on the crops raised, the lien likewise inheres in the contract of rental. It needs for its perfection no registration or levy of a distress warrant, and attaches so soon as there is a crop for it to apply to. Bankruptcy of the tenant before the lien is asserted by distress warrant does not destroy or displace it. It remains a valid lien upon the crop, to be recognized by the bankruptcy court according to its dignity, as it would recognize any other valid lien.

[2] 3. The lien for supplies arises under Code Ga. § 3348, in part as follows:

"Landlords furnishing supplies, money, * * * of necessity, to make crops, shall have the right to secure themselves from the crops of the year in which such things are done or furnished, upon such terms as may be agreed upon by the parties, with the following conditions:

"1. The liens provided for in this section shall arise by operation of law from the relation of landlord and tenant, as well as by special contract in writing, whenever the landlord shall furnish the articles enumerated in said section, or any one of them, to the tenant, for the purpose therein named. Said liens may be enforced in the manner provided in section 3366 of this Code."

The lien is made to rank next to the special liens of landlords for rent. This lien for supplies likewise attaches without registration, or even reduction to writing, so soon as supplies needed to make a crop

are furnished by a landlord to a tenant, and dates from that moment. Though it "arises by operation of law," it is not "obtained by legal proceedings," but, like the lien for rent, inheres in the contract of tenancy and supply furnishing, and is unaffected by subsequent bankruptcy, and is to be recognized according to dignity in administering the proceeds of a crop.

[3] 4. As in the case of the special lien for rent, foreclosure before bankruptcy is unnecessary to the existence or recognition of the lien, nor is such foreclosure necessary in order to present the lien to the court. While the statutory method of foreclosure of both ought to be followed ordinarily, and is necessary to assert the lien in a court of law or obtain title to property covered by it (see Duncan v. Clark, 96 Ga. 263, 22 S. E. 927; Lightner v. Brannon, 99 Ga. 606, 27 S. E. 703), yet, when the property affected is in the hands of a court of equity or a court of bankruptcy, such form of foreclosure is inappropriate, could not be effectual, and is therefore unnecessary A presentation of the facts giving rise to the lien within the time fixed by law and in the mode proper to the practice of the court is sufficient. Birmingham Trust & Savings Co. v. Atlanta, B. & A. Railway Co. (D. C.) 287 Fed. 562 (6). The proof as of a secured claim is appropriate in a court of bankruptcy.

The decision in Rountree v. Rutherford. 65 Ga. 444, that a distress warrant becomes mesne process on counter affidavit, and that a bankruptcy thereafter discharges the debt for rent, and that the surety on a condemnation money bond given in replevying property levied upon is also discharged, is not overlooked. This was followed, without opinion, in Cosgrave v. Mitchell, 74 Ga. 824, in the foreclosure of laborers' liens, where a replevy bond was not given. The former case is readily distinguishable, in that, in the view taken by the court, it involved no lien on property, but only a personal liability to a money judgment. The latter case, if not distinguishable on its facts, is not binding here, and will not be followed. In Hart v. Hatcher, 71 Ga. 717, the similar foreclosure of a chattel mortgage is held to become mesne process on the filing of a counter affidavit, but no one would contend that for that reason a subsequent bankruptcy discharges the lien of the mortgage on unreplevied property. The landlord's special liens for rent and for supplies are not lost by failure to foreclose in the statutory mode before or after bankruptcy.

[4] 5. Whether the lienors must contribute to the cost and expenses of raising and administering the fund depends on whether there is a general fund sufficient to pay such costs and expenses. If there is, the lienors may completely exhaust the proceeds of the property subject to their liens. If not, they must contribute under the principles laid down in Re Hansen & Birch (D. C.) 292 Fed. 898.

The referee's judgment is reversed as to the sufficiency on their face of the claims filed, but affirmed on the question of their merits.