26493. SIKES *v.* THE STATE.

Decided January 5, 1938.

*Kirkland & Kirkland*, for plaintiff in error.

*W. H. Lanier, solicitor-general*, contra.

Guerry, J. ■ It is well settled that recent possession of stolen goods unexplained will justify a conviction for larceny. The recency of the possession and the explanation of the defendant of his possession are, as a general rule, questions to be considered by the jury. The evidence in the present case comes within this general rule, and this court cannot hold that the verdict is without evidence to support it.

■ The overruling of a ground of a motion for new trial based upon alleged newly discovered testimony will not be reversed when such testimony is merely cumulative, and it further appears that by the exercise of due diligence the testimony alleged to be newly discovered might have been obtained before the trial. *Hill-Atkinson Co.* v. *Hasty,* 17 *Ga. App.* 569 (87 S. E. 839). In the present case the evidence clearly authorized the jury to find that the de-

fendant was in recent possession of the hog alleged to have been stolen. Upon the trial the defendant produced his brother as a witness, who testified that he sold the hog to the defendant, and that he himself purchased the hog from one Copeland. At the hearing of the motion for new trial the defendant produced the affidavit of Copeland, to the effect that he sold the hog in question to the defendant's brother, and that he purchased the hog from Elliott Collins; also the affidavit of Collins, to the effect that he sold the hog to Copeland. It is apparent that by the exercise of ordinary diligence the defendant could have produced the same testimony at the trial. The defendant also produced the affidavit of one Williams, to the effect that the hog which the prosecutor claimed that the defendant stole was dead, and that the hog found in the defendant's possession was not the hog of the prosecutor. There was a sharp issue at the trial as to the identity of the hog found in the possession of the defendant as that of the prosecutor. However, the prosecutor positively identified the hog as his hog and as the hog described in the indictment. The new evidence is therefore mainly impeaching in character, and it is not apparent that such evidence might cause the rendition of a different verdict upon another trial; and since a motion for new trial based on newly discovered evidence is not favored by the courts, and of necessity is addressed to the sound discretion of the trial judge, we can not hold that he erred in overruling the motion.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*