42122. MYERS v. GASTLEY.

ARGUED JULY 5, 1966—DECIDED OCTOBER 4, 1966.

*John McGuigan, Joe Salem,* for appellant.

*Glenville Haldi, J. Corbett Peek, Jr.,* for appellee.

FRANKUM, Judge. The evidence supports the verdict. The jury was authorized to find that on December 4, 1962, the defendant negligently struck the plaintiff with a truck (a motor vehicle) by driving the same against her and thereby inflicted injury upon her, but that the only substantial injury to her person was "severe sprain of the forearm, wrist and hand"; that at the time she was injured she was and had been employed by "Holt's Clothing" as a typist, cashier, etc., at a salary of $35 per week plus commission which, together with her salary, did not exceed $45 per week; that after losing 4 days from her work following her injuries she returned to work for the same employer and continued to work for the same employer doing the same type of work she had previously performed until her employer, Holt's Clothing, "closed out their business" on the 23rd of February, 1963. While the plaintiff testified that after her employer went out of business she could not get a job and that she could not take a test on account of her arm, she nowhere testified as to what efforts she made toward securing a job or that she endeavored to take a test for employment and failed to pass such a test. Under these circumstances this evidence was without probative value, and the jury was authorized in its discretion to reject it as a basis for awarding damages. *Sappington v. Bell,* 115 Ga. 856 (42 SE 233); *Smith v. Turnipseed,* 44 Ga. App. 220 (160 SE 877).

The plaintiff testified that she incurred medical expenses in the total amount of $210 as a result of the injuries to her person for which she was personally responsible. The testimony of one of the doctors who treated the plaintiff shows that his total bill for medical services and X-rays in behalf of the plaintiff was $165, and that the plaintiff had arthritis in her neck prior to the injuries complained of, which arthritic condition was in no way connected with "the automobile accident" in question. The

evidence showed that this doctor's bill included treatment of the plaintiff's neck on account of the pre-existing arthritic condition, but it fails to show what portion of the bill was for treatment of the plaintiff's neck or what amount of it was for treatment of the injuries she sustained. While the evidence would have authorized a larger verdict, it cannot be said that the verdict in the amount of $500, for the plaintiff was so small as to justify the inference of gross mistake or undue bias and prejudice. None of the alleged errors is meritorious, and the court did not err in overruling the plaintiff's motion for a new trial. See *Hill-Atkinson Co. v. Hasty*, 17 Ga. App. 569 (7), supra.

The appellee has made a motion in this court that the appellant be assessed damages for a frivolous appeal. While we are here holding that there is no showing that the verdict of the jury in this case was in any way the result of bias or prejudice on the part of the jury, we cannot say that the plaintiff was wholly unjustified in contending that the smallness of the verdict resulted from bias, prejudice or gross mistake, and we, therefore, deny the motion of the appellee.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*